The document below is hereby signed.

Signed: November 19, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
ONYINYE LAPREA A. JIDEANI,     )   Case No. 13-00096
                               )   (Chapter 7)
              Debtor.          )
_____)
                               )
ONYINYE LAPREA A. JIDEANI,     )
                               )
              Plaintiff,       )
                               )
         v.                    )   Adversary Proceeding No.
                               )   13-10032
D.C. TEACHERS FEDERAL CREDIT   )
UNION,                         )   Not for publication in
                               )   West's Bankruptcy Reporter.
              Defendant.       )
```

MEMORANDUM DECISION RE MOTION TO DISMISS

The plaintiff has not opposed the defendant's motion to dismiss, which additionally seeks to enjoin the debtor from suing on her claims anew.

I

Except in one regard, I adopt the grounds for dismissal stated in that motion (asserting that dismissal is required because the motion fails to state a claim upon which relief can be granted). In light of the court's prior rulings in the main

bankruptcy case, and the inapplicability of 11 U.S.C. § 363 to the repossession sale of the plaintiff's car, there was no violation of the Bankruptcy Code by the defendant.

II

The exception is this.  The plaintiff complains that her car was sold for too little.  That claim is one under nonbankruptcy law.  When the complaint was filed, that claim was property of the estate: the car was property of the estate, and the claim that the defendant sold it for too little is itself proceeds of the estate's right, as owner of the car, that the car be sold at a repossession sale in compliance with nonbankruptcy law.  Suing on that claim violated 11 U.S.C. § 362(a)(3) (barring any act to exercise control over property of the estate).  Only the trustee may sue on a claim that is property of the estate (unless and until the automatic stay is lifted to permit the debtor to sue on the claim, or the claim is abandoned from the estate).

Even though the claim may have become property of the debtor upon the closing of the case (if the car was scheduled as an asset), that would be a supplemental claim, to be asserted by a supplemental complaint, with subject matter jurisdiction to be tested as of the date of the filing of the supplemental complaint.  This court would have no subject matter jurisdiction over such a claim because the adjudication of the claim would have no effect on the administration of the estate in a case that

was closed.  *See Bailey v. Household Fin. Corp. III (In re Bailey)*, 306 B.R. 391 (Bankr. D.D.C. 2004).

The court dismisses the claim that the car was sold for too little on the foregoing bases, and not on the ground (failure to state a claim upon which relief can be granted) set forth in the motion to dismiss.

                                III

The defendant seeks to bar the debtor from suing on the claims anew.  I will deny that request for the following reasons.

                                A.
                  The Nonbankruptcy Law Claim
                That The Car Was Sold For Too Little

The defendant contends that the plaintiff's claim that the car was sold for too little is frivolous.  Because the court is dismissing the claim for lack of subject matter jurisdiction, the defendant's motion to dismiss the claim under Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted) will not be reached.  It would not be appropriate to enjoin the debtor from suing elsewhere on the claim that the sale of the vehicle was not conducted in accordance with nonbankruptcy law when the court has not reached the merits of that claim.[1]  Because the court is closing the bankruptcy case anew, no new

---

[1] To the extent the claim regarding the car being sold for too little would turn on the factual issue of the value of the car, a Rule 12(b)(6) dismissal would be inappropriate even if the court had subject matter jurisdiction.

                                 3

complaint could be filed in this court renewing the claim unless this court first reopened the bankruptcy case.  There is no need for an injunction.

B.
The Claims For Violation
Of The Bankruptcy Code

The defendant will be entitled to Rule 9011 sanctions in this court if the debtor sues anew on the remaining claims (dismissed for failure to state a claim upon which relief can be granted).  In addition, the court will close the bankruptcy case anew, and a new complaint could not be pursued in this court unless the court first granted a motion to reopen the bankruptcy case.  There is no need for an injunction.

IV

An order follows.

[Signed and dated above.]

Copies to: All counsel of record.